FILED
April 29, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002597081

Alan S. Wolf, Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM, A Law Corporation
2955 Main Street, Second Floor
Irvine, CA 92614
Tel (949) 720-9200
Fax (949) 608-0128

Attorneys for Movant
The Bank of New York, as indenture trustee for the Encore Credit Receivables Trust 2005-2

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>JOSE JIMENEZ aka JOSE ALFREDO JIMENEZ dba BOOMERS CAR AUDIO and CORINA JIMENEZ aka CORINA R. JIMENEZ<br><br>        Debtors. | CASE: 10-91305-13<br><br>CHAPTER 13<br><br>REF.: ASW-1<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND DECLARATION OF JO-ANN GOLDMAN IN SUPPORT THEREON<br><br>DATE: 06/08/10<br>TIME: 10:00am<br>CTRM: D<br>U.S. Bankruptcy Court<br>1200 I Street, Ste 4<br>Modesto, California |

The Motion of The Bank of New York, as indenture trustee for the Encore Credit Receivables Trust 2005-2 respectfully shows as follows:

    1.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

    2.  This Motion is brought pursuant to Local Rule 9014-1 (f)(1)(ii) written opposition, if any, to the granting of the Motion shall be in writing and shall be served on the

Matter I.D. 6401-5932

moving party and filed with the Clerk by the responding party at least fourteen (14) days preceding the noticed date of the hearing. Unless written opposition and supporting evidence are timely filed with the Court, without good cause, no party will be heard in opposition to the Motion at oral argument. Failure of the responding party to timely file written opposition may be deemed a waiver of any opposition to the granting of the Motion.

Opposition to the Motion shall be served on counsel for Movant as follows:

THE WOLF FIRM
2955 Main Street, Second Floor
Irvine, CA 92614

3. On April 8, 2010, a petition under Chapter 13 of the Bankruptcy Code was filed by the Debtors.

4. The Chapter Plan proposes to surrender the subject real property. The Plan has not yet been confirmed.

5. RUSSELL DEAN GREER, TRUSTEE is the Chapter 13 Trustee for this case.

6. Movant is, and at all times herein mentioned was a corporation organized and existing under the laws of the United States.

7. Movant is the current beneficiary under a Deed of Trust by way of assignment which is security for a Promissory Note in the principal sum of $217,600, with the Note all due and payable on May 1, 2035. The Deed of Trust encumbers real property commonly known as:

617 West Hatch Road, Modesto, CA 95351 ("Property")

Matter I.D. 6401-5932

and legally described as set forth in the Deed of Trust, which is attached to the Declaration of JO-ANN GOLDMAN.

8. The beneficial interest under the Deed of Trust is currently held by Movant by way of assignment. <u>See</u> Declaration of JO-ANN GOLDMAN.

9. There was a default under the terms of the Note and Deed of Trust and on April 6, 2010, Movant caused to be recorded a Notice of Default and Election to Sell.

10. The Property is not Debtors' principal residence.

11. At the time of the filing of this case, the pre-petition arrearages under the Note and Deed of Trust were approximately $13,507.95.

12. The total amount due under the Note and Deed of Trust as of April 23, 2010, exclusive of post-petition attorneys fees and costs, was approximately $218,473.40.

13. The Property is also encumbered by additional liens and arrearages which, when added to Movant's lien and arrearages, total approximately $257,965.45.

14. The fair market value of the Property is approximately $195,000.00.

15. The Debtors have no reasonable prospect for reorganization and the Property is not necessary for an effective reorganization.

16. Movant does not have, and has not been offered, adequate protection for its interest in the Property and the passage of time will result in irreparable injury to

1 | Movant's interest in the Property including, but not limited
2 | to, loss of interest and opportunity.
3 |     17.  For all the reasons set forth herein, there is
4 | cause for relief from stay including, but not limited to,
5 | lack of adequate protection and the Debtors' failure to make
6 | the required Deed of Trust payments.
7 |     WHEREFORE, Movant prays for the judgment against
8 | Respondents as follows:
9 |     (1)  That the automatic stay be terminated so that
10 | Movant may exercise or cause to be exercised any and all
11 | rights under the Deed of Trust and underlying Note and any
12 | and all rights after the foreclosure sale, including, but
13 | not limited to, the right to consummate foreclosure
14 | proceedings on the property and the right to proceed in
15 | unlawful detainer;
16 |     (2)  For reasonable attorneys' fees as a secured claim
17 | under 11 U.S.C. Section 506(b);
18 |     (3)  For the waiver of the 14 day stay pursuant to
19 | Bankruptcy Rule 4001(a)(3).
20 |     (4)  For such other and further relief as the Court
21 | deems just and proper.
22 | Dated:  April 28, 2010

/s/ Alan Steven Wolf
ALAN STEVEN WOLF
Attorneys for Movant
The Bank of New York, as indenture
trustee for the Encore Credit
Receivables Trust 2005-2

Matter I.D. 6401-5932